IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEIFEI GU, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 25-1464 |
| ) | |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| GINA ABADI; RICHARD VELASQUEZ; ) | |
| LAWRENCE KNIPEL; SERGIO JIMENEZ; ) | |
| *and* REMAX, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Feifei Gu ("Plaintiff") is an individual living in Brooklyn, New York. Plaintiff is a frequent filer of federal lawsuits in the United States District Court for the Eastern District of New York, and has been enjoined from filing any civil action in that court without prior authorization. See In re: Gu, No. 1:25-mc-01503-EK (E.D.N.Y. April 1, 2025), ECF No. 1.

On September 23, 2025, this Court received a one-page Complaint, in which Plaintiff alleged that the various Defendants conspired with an individual named "Hong Yi Zeng (aka. Harry Zeng), and deprived Plaintiff of due process." ECF No. 1 at 1 (emphasis omitted). Plaintiff does not include any other allegations in the Complaint, other that Defendant ReMax owns Plaintiff's apartment, and that this Court somehow has jurisdiction under the RICO Act. Id.

From the record public record, it appears that Zeng, along with Defendants ReMax and Jimenez, have been sued by Plaintiff before in connection with proceedings that occurred in Kings County Housing Court in New York. See, e.g., Gu v. Zeng, No. 23-CV-4168(EK)(LB), 2023 WL 4138519, at *1 (E.D.N.Y. June 22, 2023), appeal dismissed sub nom. Gu v. Jimenez, No. 23-1038, 2023 WL 9231563 (2d Cir. Nov. 22, 2023), cert. denied, 144 S. Ct. 1396 (2024). See also Gu v.

Chen, No. 24-CV-4756(EK)(LB), 2025 WL 638424, at *1 (E.D.N.Y. Feb. 27, 2025), appeal dismissed, No. 25-680, 2025 WL 2693723 (2d Cir. Aug. 28, 2025).

Nothing in the Complaint indicates that any party has any ties to the Western District of Pennsylvania. To the contrary, the public record, cited above, indicates that whatever dispute Plaintiff has with Defendants arose in Kings County, New York, which is located within the territorial confines of the Eastern District of New York. 28 U.S.C. § 112(c). It appears that, in light of the Eastern District of New York's filing injunction against her, Plaintiff is branching out to find a more favorable forum.

28 U.S.C. § 1391 stated in pertinent part:

> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, no party is alleged to reside in the Western District of Pennsylvania, nor is any act giving rise to the Complaint alleged to have occurred in this judicial district. Instead, the public record indicates that the Eastern District of New York is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" Under a Section 1391 analysis, Venue is not proper in this Court.

In the event that a case is filed in an incorrect district, the district courts are permitted to transfer it to the district where venue would be proper. 28 U.S.C. § 1406(a). Non-precedential

opinions from the United States Court of Appeals for the Third Circuit are somewhat divergent regarding the ability of district courts to transfer venue *sua sponte*. See, e.g., Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or *sua sponte*, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice"). See also Lafferty v. St. Riel, 495 F.3d 72, 75 and n.3 (3d Cir. 2007), as amended (July 19, 2007), as amended (Nov. 23, 2007) ("The decision to transfer [*sua sponte*] under § 1406(a) thus turns on a question of fact, subject to the District Court's discretion. We do not disturb it here."). Cf. Fiorani v. Chrysler Grp., 510 F. App'x 109, 111 (3d Cir. 2013) (holding that a district court's *sua sponte* dismissal for lack of venue was erroneous because it should have considered transfer under § 1406(a)). But see Henderson v. Keisling, 341 F. App'x 769 (3d Cir. 2009) (vacating district court's *sua sponte* transfer for improper venue). This Court has raised the issue of venue *sua sponte*. See, e.g., Nation of Islam v. Pennsylvania Dep't of Corr., No.. 12-CV-82, 2012 WL 529546, at *2 (W.D. Pa. Feb. 1, 2012), report and recommendation adopted 2012 WL 529238 (W.D. Pa. Feb. 17, 2012).

Having considered all of the factors governing venue, see, e.g., Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue in the context of 28 U.S.C. § 1404), the undersigned determines that the interests of justice support transferring this case to the United States District Court for the Eastern District of New York. The undersigned also notes that district's familiarity with Plaintiff's history, and is confident that it will adjudicate the instant matter appropriately. Further, the interests of judicial economy do not

support allowing Plaintiff to forum shop in order to circumvent the filing injunction imposed against her.[1]

Based upon the foregoing, IT IS HEREBY ORDERED that the Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of New York FORTHWITH. This transfer shall include the currently-pending Motion for Leave to Proceed *in forma pauperis*, ECF No. 1, upon which the undersigned declines to rule.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

---

[1] To the extent that Plaintiff is attempting to state a RICO claim – a stretch of the imagination given the dearth of factual allegations in the Complaint – 18 U.S.C. § 1965 states, in pertinent part:
> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

Here, Plaintiff makes no allegation in the Complaint that any Defendant meets the requirements of venue for a RICO claim. Presuming, for the sake of argument, that Plaintiff could establish that venue is proper in this District under Section 1965, the public record indicates that it also would be proper in the Eastern District of New York. But a court still may transfer a case to another court in which venue is proper under 28 U.S.C. § 1404(a). Under that statutory section, the same venue considerations set forth in Calkins apply. 117 F. Supp. 2d at 428. Accordingly, the transfer analysis under Section 1404(a) would result in the same conclusion – that transfer to the Eastern District of New York is appropriate. Cf. Gu v. Chen, No. 24-CV-5209, 2024 WL 3678186, at *2 (S.D.N.Y. July 11, 2024) (transferring one of Plaintiff's attempts to sue Defendant ReMax to the Eastern District of New York under Section 1404(a)).

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: September 24, 2025

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Feifei Gu
8705 19TH AVE
BROOKLYN, NY 11214